IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SCOTT RUNDQUIST,**

    **Petitioner,**

    v.                                                       CASE NO. 25-3104-JWL

**STATE OF KANSAS, et al.,**

    **Respondents.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner proceeds pro se. The Court has screened the Petition (Doc. 4) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and finds that this matter is subject to dismissal.

Petitioner states that he seeks "emergency relief from an unlawful restraint and sacred family rights." (Doc. 1, at 1.) He alleges that he has been denied all access to his children for over two years without appropriate process. He further alleges that he has attempted to pursue relief in state court but has been denied meaningful relief. *Id*.

Petitioner lists the grounds for his petition as follows: (1) "no verified written delegation of constitutional authority permitting the continued denial of access"; "no verified harm to my sons has ever been proven"; and the "concealment, procedural obstruction, and failure to produce verified jurisdiction by all Respondents, including Sarah Karnes, remains unrebutted and unjustified." *Id*. at 2.

Petitioner requests that the "current restraint be immediately lifted"; that "Respondents be required to appear and produce verified authority for the ongoing denial of access"; that "any party asserting authority to interfere be required to show the lawful origin of such delegation under the

Constitution of the United States"; that Sarah Karnes "be ordered to appear, disclose the whereabouts and condition of the children and show verified lawful grounds to continue concealment"; relief in the form of the immediate lifting of the "current restraint"; and that "all further enforcement of the alleged restraint be suspended." *Id*.

The United States District Courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in-custody language .... is jurisdictional." *Rosales v. Milyard*, 541 F. App'x 874, 880 (10th Cir. 2013) (citing *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008)).

The in-custody requirement "encompasses not only individuals subject to immediate physical imprisonment, but also those subject to restraints not shared by the public generally that significantly confine and restrain freedom." *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009) (citing *Lehman v. Lycoming County Children's Servs. Agency,* 458 U.S. 502, 510 (1982)). Examples of such restraints include being on parole under an unexpired sentence, being subject to a suspended sentence, or commitment to a mental institution. *Id*. Where neither imprisonment nor probation supervision are alleged and the petitioner's liberty is not restrained, the petitioner is not "in custody." *Dow v. Circuit Court of First Circuit Through Huddy*, 995 F.2d 922 (9th Cir. 1993).

The restraint Petitioner asserts is being "restrained" from seeing his children. This is not the type of restraint that results in Petitioner considered to be "in custody." Courts that have found a restraint on liberty sufficient to satisfy the "in custody" requirement "rely heavily on the notion of a physical sense of liberty – that is, whether the legal disability in question somehow limits the putative habeas petitioner's movement." *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir.

1998); *see also Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) (citing *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989)) (collateral consequences of conviction must have more than negligible effects on a petitioner's physical liberty of movement to satisfy custody requirement); *Clements v. Florida*, 59 F.4th 1204, 1214-16 (11th Cir. 2023) (finding lifetime registration and reporting requirements for sex offenders did not place petitioner "in custody" for habeas purposes because the restrictions on freedom of movement were not severe enough). Here, Petitioner is not imprisoned and alleges no restraint on his freedom of movement. Therefore, he fails to satisfy the "in custody" requirement of § 2241.

Moreover, the United States Supreme Court has said, "Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody." *Lehman*, 458 U.S. at 511-12. "[F]ederal courts consistently have shown special solicitude for state interests 'in the field of family and family-property arrangements.'" *Id*. at 512 (quoting *United States v. Yazell*, 382 U.S. 341, 352 1966)). In fact, there is a domestic relations exception to the federal courts' jurisdiction that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Johnson v. Rodriguez (Orozco)*, 226 F.3d 1103, 1111 (10th Cir. 2000) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).

Because Petitioner is not in custody and because the subject matter of his Petition falls within the domestic relations exception, the Court lacks jurisdiction over his habeas corpus claims and will dismiss the Petition for lack of jurisdiction.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant." The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th

Cir. 2000).

> When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for lack of jurisdiction. The motion for leave to proceed in forma pauperis (Doc. 2) is **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**Dated June 6, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE